```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| ESSEX INSURANCE COMPANY | : |
| v. | : Civil Action No. DKC 2006-0326 |
| MDRB CORP T/A RAMADA LTD CORP.<br>      and<br>AMINA FAROOQ, AS PERSONAL REP.<br>OF ESTATE OF NADIR FAROOQ | :<br>:<br>:<br>: |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action for declaratory relief is the motion by Defendant MDRB Corporation, t/a Ramada Limited Corp. ("MDRB") to dismiss or, in the alternative, to transfer venue.[1]  (Paper 6, at 1).  The issues have been briefed fully, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court will find that venue is improper and grant the motion to transfer.

**I. Background**

Plaintiff Essex Insurance Company ("Essex") brought this action seeking declaratory relief against Defendants MDRB and Amina Farooq on February 8, 2006.  Essex seeks the court's declaration that its insurance policy issued to MDRB provides no coverage for claims asserted against MDRB in a pending wrongful death action,

---

[1] Co-defendant Amina Farooq has not filed any papers regarding this motion to dismiss.

*Farooq v. MDRB Corp.*, No. 06-CV-00211-RMC (D.D.C. filed Sept. 28, 2005) ("the Farooq Action"). Essex is a Delaware corporation with its principal place of business in Glen Allen, Virginia. MDRB is a privately held corporation incorporated in Maryland with its current principal place of business in Laurel, Maryland. Amina Farooq is the personal representative for the Estate of Nadir Farooq.[2] Both Amina Farooq and the Estate of Nadir Farooq reside in the District of Columbia.

Essex alleges that, at the time relevant to the dispute, MDRB owned and operated a Ramada Inn located in the District of Columbia. On September 27, 2002, Nadir Farooq was stabbed in the neck ("the Farooq stabbing") while attending a dance at MDRB's Ramada Inn located in the District of Columbia. Nadir Farooq died of the wound several days later.[3] The insurance policy disputed in the instant case covered the time period from July 10, 2002, until July 10, 2003. With the Complaint, Essex submitted the insurance policy itself, which indicates that all correspondence regarding the policy was conducted through the District of Columbia.

---

[2] The documents in this case are unclear as to Amina Farooq's relation to Nadir Farooq.

[3] According to the Complaint, the District of Columbia Metropolitan Police arrested another dance patron, Travis Littlejohn, for the Farooq stabbing. A District of Columbia jury found Littlejohn guilty of Voluntary Manslaughter While Armed on November 15, 2004.

Amina Farooq filed the Farooq Action against MDRB on September 28, 2005.  In that action, Amina Farooq alleges that the Farooq stabbing occurred as a result of MDRB's acts and omissions.  She seeks $10 million in compensatory damages and $10 million in punitive damages.  The Farooq Action was filed originally in the Superior Court of the District of Columbia and was removed to the United States District Court for the District of Columbia, where it remains pending.

**II. Standard of Review**

MDRB has moved pursuant to Fed.R.Civ.P. 12(b)(3) to dismiss for improper venue or, in the alternative, to transfer venue to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a) or § 1406(a).  In this circuit, when venue is challenged by a motion to dismiss, the plaintiff must establish that venue is proper:

> The burden of showing that the court has personal jurisdiction lies with the plaintiff, *see, Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989), as does the burden of showing that venue is proper. *See, Bartholomew v. Virginia Chiropractors Association*, 612 F.2d 812, 816 (4th Cir.1979), *cert. denied*, 446 U.S. 938, 100 S.Ct. 2158, 64 L.Ed.2d 791 (1980), *overruled on other grounds by Union Labor Life Ins. Co. v. Pireno*, 458 U.S. 119, 102 S.Ct. 3002, 73 L.Ed.2d 647 (1982).

*Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F.Supp.2d 468, 471 (D.Md. 2002).  Furthermore,

> Under a Rule 12(b)(3) motion to dismiss, the pleadings need not be accepted as true, as

>would be required under a Rule 12(b)(6) analysis, and the court "may consider facts outside of the pleadings." *Richardson v. Lloyd's of London*, 135 F.3d 1289, 1292 (9th Cir.1998); *Argueta*, [*v. Banco Mexicano, S.A.*] 87 F.3d [320 (9th Cir. 1996)] at 324 (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991)). Because a 12(b)(3) motion has a dramatic effect on plaintiff's forum choices, the trial court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir.2003). Alternatively, the court may hold an evidentiary hearing to resolve questions of credibility or disputed facts. *Id.* at 1139-40.

*Modius, Inc. v. Psinaptic, Inc.*, No. C06-02074 SI, 2006 WL 1156390, at *5 (N.D.Cal. May 2, 2006). As noted by Judge Bennett:

>Preliminarily, "[i]n deciding a motion to dismiss, all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F.Supp. 381, 385 (D.Md.1990)(*quoting Coakley & Williams, Inc. v. Shatterproof Glass Corp.*, 706 F.2d 456, 457 (4th Cir.1983)).

*Three M Enters., Inc. v. Tex. D.A.R. Enters., Inc.*, 368 F.Supp.2d 450, 454 (D.Md. 2005).

Venue for this diversity action is governed by 28 U.S.C. § 1391(a):

>A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions

>     giving rise to the claim occurred, or a
>     substantial part of property that is the
>     subject of the action is situated, or (3) a
>     judicial district in which any defendant is
>     subject to personal jurisdiction at the time
>     the action is commenced, if there is no
>     district in which the action may otherwise be
>     brought.

Both parties agree that venue can only be proper if § 1391(a)(2) is met, namely that "a substantial part of the events or omissions giving rise to the claim occurred" in Maryland.

### III. Analysis

#### A. Venue

MDRB contends that venue is improper because no substantial part of the events or omissions giving rise to the claim occurred in the District of Maryland. (Paper 6, at 3-4). Essex argues that venue in Maryland is proper because (1) MDRB allegedly conducted business and procured insurance in Maryland at the time of the Farooq stabbing, (2) MDRB allegedly maintained its principal place of business in Maryland at the time of the Farooq stabbing, and (3) MDRB was incorporated in Maryland at the time of the Farooq stabbing. (Paper 7, at 2-4). MDRB responds that the documents Essex uses to support its allegations concerning MDRB's past business activities in Maryland do not actually relate to MDRB's activities at the time of the Farooq stabbing or the earlier procuring of insurance. (Paper 9, at 3-4).

Essex contends that MDRB "conducted all business and procured insurance" from its Maryland office at the time of the Farooq

5

stabbing. (Paper 7, at 3). In support of this allegation, Essex mistakenly relies upon a document filed in a previous civil action against MDRB - a certification of Mr. Bhatnagar that says:

> *Since April 12, 2004*, MDRB's principal place of business has been at 14612 Stratfield Circle, Laurel, Maryland 20707. From that location, I conduct all aspects of MDRB's business, including managing MDRB's accounts, dealing with mortgage holders of MDRB's property, procuring insurance for the company, completing various tax forms and filings, maintaining corporate records, and attending to other corporate matters.

(Paper 7, ex. A, at 1)(emphasis added).[4] While Essex attempts to tie Mr. Bhatnagar's certification to MDRB's business activities at the time of the Farooq stabbing on September 27, 2002, Essex fails to note that the certification explicitly refers only to MDRB's business operations for the period after April 12, 2004, nearly two years after the Farooq stabbing occurred. Although MDRB concedes that it *currently* conducts all business and procures insurance from its Maryland office, Mr. Bhatnagar's affidavit submitted in support of MDRB's motion in the present case states:

> Prior to April 12, 2004, MDRB's principal place of business was located at its hotel located at 1600 New York Avenue, NE, Washington, D.C. . . . During the time period between July 9, 19[88], and April 12, 2004, I conducted all aspects of MDRB's business from my office located in the hotel in Washington, D.C. This included, for example, procuring insurance for MDRB, including the policy

---

[4] MDRB submitted this certification in an unrelated action, *Waters v. MDRB Corp.*, Case 1:05-cv-02344-HHK.

6

> attached to Plaintiff's Complaint in this matter. In connection with that particular policy, the insurance agent visited me at the hotel's Washington, D.C. address. The policy was mailed or otherwise delivered to MDRB at the hotel, and the "Mailing Address" as stated [in] the policy is MDRB's Washington, D.C. address.

(Paper 9, ex. 2, at 2). In addition, the policy itself covered only the Ramada Inn in the District of Columbia. (Paper 1, ex. B, at 3). MDRB's alleged negligence, which Essex claims to be beyond the policy coverage, occurred on the premises of the Ramada Inn in the District of Columbia. According to Essex's Complaint, the District of Columbia was also the location of the underlying crime itself, the subsequent police investigation, as well as the arrest, prosecution, and conviction of the perpetrator. (Paper 1, at 3-5). Finally, the civil action creating MDRB's potential coverage claim under the disputed insurance policy currently is pending in the United States District Court for the District of Columbia. (Paper 1, at 5). Indeed, the District of Columbia was the location of "the entire sequence of events underlying the claim." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004)(quoting *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001)). Thus, there is no evidence that any, much less a substantial, part of the events took place in Maryland.

Essex also contends that venue is proper in Maryland because MDRB is now, and was at the time of the Farooq stabbing, incorporated in Maryland. (Paper 7, at 3). MDRB does not contest

7

this fact. Mere contacts with the venue in question are not sufficient to satisfy § 1391(a)(2); it is necessary that the events contributed to the creation of the specific claim at issue. *See MTGLQ Investors, L.P. v. Guire*, 286 F.Supp.2d 561, 565 (D.Md. 2003)("The statutory standard for venue focuses not on whether a defendant has made a deliberate contact - a factor in the analysis of personal jurisdiction - but on the location where events occurred." (quoting *Bates v. C & S Adjustors, Inc.*, 980 F.2d 865, 868 (2nd Cir. 1992))); *see also Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994)("The current statutory language still favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial.' Events . . . that might only have some tangential connection with the dispute in litigation are not enough."). Thus, while the state of incorporation might be significant in a personal jurisdiction inquiry, the United States Supreme Court stressed the importance of maintaining a clear distinction between the requirements for personal jurisdiction and the requirements for venue. *See Olberding v. Ill. Cent. R. Co.*, 346 U.S. 338, 340 (1953)(holding that contacts sufficient to establish personal jurisdiction did not automatically establish proper venue). Essex's claim for declaratory relief regarding the disputed insurance policy is unrelated to MDRB's Maryland incorporation. Without any substantial connection to the claim in this case, Maryland

incorporation does not establish proper venue under § 1391(a)(2). *See MTGLQ*, 286 F.Supp.2d at 564-66 (holding Maryland venue to be improper when nearly all events giving rise to the claim occurred in West Virginia, despite two defendants being registered to do business in Maryland); *Cottman*, 36 F.3d at 295 (holding venue in Eastern District of Pennsylvania improper for trademark infringement suit when the contract was executed and performed in Michigan, the alleged unauthorized use of trademarks was in Michigan, and the only event in Pennsylvania was use of advertisements tangentially related to the trademarks). MDRB's incorporation in Maryland falls far short of a substantial event giving rise to the claim.

**B. Transfer**

Because Essex has failed to meet its burden of presenting a valid justification for its choice of venue with respect to MDRB, the District of Maryland is an improper venue for this claim. When venue is improper under § 1391, the court may either dismiss or transfer the action pursuant to § 1406. Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The decision to transfer is left to the sound discretion of the trial court and should be determined on a case-by-case

9

basis. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32 (1988). When venue would be proper in another district under § 1391, transfer is preferred over dismissal. *Gov't of Egypt*, 216 F.Supp.2d at 473; *Nation v. U.S. Gov't*, 512 F.Supp. 121, 126-27 (S.D.Ohio 1981)("[T]ransfer in and of itself is generally considered to be more in the 'interest of justice' than dismissal and, therefore, doubts should be resolved in favor of preserving the action, particularly where it appears that venue may be properly laid in the proposed transferee district.").

Here, venue would be proper in the District of Columbia pursuant to § 1391(a)(2), as the entire series of events giving rise to the claim occurred in that judicial district. Moreover, the Farooq Action, the basis for Essex's declaratory relief action, currently is pending in that district. Several courts have held that where a related action is pending in another judicial district, transfer to that district is preferred when venue is proper in that district and when transfer promotes efficient resolution of both suits. *See Prof'l Ass'n Travel Serv., Inc. v. Arrow Air, Inc.*, 597 F.Supp. 475, 476-77 (D.D.C. 1984)(granting motion to transfer where venue was improper in District of Columbia, venue would be proper in Southern District of New York, and case already pending in New York arose out of the same "facts and circumstances"); *Upjohn Co. v. Gen. Accident Ins. Co.*, 581 F.Supp. 432, 435 (D.D.C. 1984)(granting motion to transfer

10

declaratory judgment action to District of Connecticut where related action involving the same issues and policies was pending); *Papercraft Corp. v. Proctor & Gamble Co.*, 439 F.Supp. 1060, 1063 (W.D.Pa. 1977)(granting motion to transfer to Northern District of Ohio where venue was improper in Pennsylvania, venue would be proper in Ohio, and related case concerning two patents at issue was pending in Ohio).  Neither Essex nor MDRB contends that there would be any inconvenience to any party or to witnesses should the case be litigated in the District of Columbia.  Accordingly, the court will deny MDRB's motion to dismiss but will grant its motion to transfer.

    **C. Claim against Amina Farooq**

There are, of course, two defendants in this action and only one has appeared and challenged venue.  The court may, however, transfer the entire case to the District of Columbia because both venue and jurisdiction appear proper there as to both defendants.  According to Essex's Complaint, Amina Farooq and the Estate of Nadir Farooq are residents of the District of Columbia.  (Paper 1, at 2).  As previously discussed, the entire series of events giving rise to the claim transpired in the District of Columbia.  Based on all documents in this case, neither Amina Farooq nor the Estate of Nadir Farooq has any contacts in Maryland substantially related to this claim or otherwise.  The District of Maryland could not exercise venue over Amina Farooq in this action.  Because venue in

this case is improper for both MDRB and Amina Farooq, and because venue would be proper for both in the District of Columbia, the court will transfer this entire action to the District of Columbia. *See generally* 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3827 (2nd ed. 1986 & Supp. 2005) at 274-75 (and cases cited therein).

**IV. Conclusion**

For the foregoing reasons, the court will deny Defendant's motion to dismiss, but will grant Defendant's motion to transfer for improper venue.  The case will be transferred to the District Court for the District of Columbia pursuant to § 1406(a).  A separate Order will follow.

                                             /s/
                              DEBORAH K. CHASANOW
                              United States District Judge